| Parties: Plaintiff (pro se) | Defendants |
|---|---|
| Jamhal Talib Abdullah Bey "AKA" JAMHAL LATIMER address: Jail - 269 Treble Cove rd North Billerica MA. Billerica HoC | Attorney General of MA, Governor of MA, Legislator of MA and the entire Judiciary of MASS |

Nature / Jurisdiction: Federal Question
Tort, Other personal Injury

Jurisdiction: Original

Brief Statement of Claim: Massachusetts Statute(s) 269 §10a; 269 §10(m); 274 §7; 269 §10(D) et alia are Unconstitutional as they strike at the core of the Second Amendment like other statutes of other states already declared unconstitutional in federal court. See Miller v. Bonta; Duncan v. Becerra; Caetano v Massachusetts; McDonald v City of Chicago; Fyock v City of Sunnyvale; Teixera v. City of Alameda; Ass'n of NJ rifle and Pistol Club v. AG NJ; Bonidy v U.S. Pistol Service; Chesney v. City of Jackson; Young v. Hawii; Peruta II, 824 F3d at 939 et alia

Relief Sought: Federal Courts Must declare the said statutes unconstitutional and command the lower courts and commonwealth to award me and others Jailed and or convicted under said statutes, since its enforcement $1,000.00 (one-thousand dollars) per day for unlawful detention/conviction plus additional fees, drop, dismiss, quit, expunge and Nolle prosequi all pending / open cases pursuant to said statutes.

x /s/ Jamhal T. A. Bey    8/27/21

The aforementioned General Laws of the Commonwealth of Massachusetts are unconstitutional for the following reasons.

1. The Statutes Strike at the core of the Second Amendment by making it a crime to possess "Large Capacity firearm(s)". An issue already declared unconstitutional in Duncan v. Becerra 970 F 3d 1133 "A law that bans possession of a commonly used arm for self-defense - with no meaningful exception for law-abiding citizens - likely imposes a substantial burden on the Second Amendment."; "if a far reaching law restricting arms contains no meaningful exceptions for law-abiding citizens who use them for self-defense, it invites STRICT SCRUTINY." Massachusetts Statute 269 § 10, like the "CAL Penal Code Section 32310 Substantially burdens Core Second Amendment rights. It bans large capacity magazines that come standard in guns commonly used for self-defense in the home." "... firearm magazines are protected under the Second Amendment. Second, the panel held that LCMs are commonly owned and typically used for lawful purposes, and are not "unusual arms" that would fall outside the scope of the Second Amendment. Third, the panel held that LCM prohibitions are not longstanding regulations and do not enjoy a presumption of lawfulness." The core of the Second Amendment is the right to self-defense, but even more so is the peoples right to form well-regulated militias for said defense and is stated as necessary for the security of a free people or state. As a state is a group of people bound together

by common law, occupying a fixed territory. In Miller v. Bonta 19-CV-1537, which references and cites Heller, Caetano, Duncan v. Becerra, State v. Huntly, Young v. Hawaii a copious other cases. "Heller implies that a weapon that is commonly owned and that is useful for the common defense for a militia member is also protected by the Second Amendment. Second Amendment protection includes both common arms and weapons that may be useful in warfare." Caetano 577 US at 4/12 "The fact that a statistically significant number of Americans use AR-15 type rifles and large-size magazines demonstrates ipso facto that they are used for lawful purposes... This Court has already described the utility of larger, standard capacity magazines in self-defense situations and [the States] unconstitutional 10-round limits. See Duncan v. Becerra" also see Jackson v City and City of S.F. 746 F3d 953, 961 "Law[s] prohibiting acquisition and possession of magazines able to hold anymore than 10-rounds... is unconstitutional under any level of scrutiny." And Duncan v. Becerra 366 F Supp 3d 113 "Jackson thus held that 'the right to possess firearms... implies a... right to obtain the bullets necessary to use them.'" See Ass'n of NJ rifle and pistol Club v. AG NJ 910 F3d 106, 116 stating that a magazine is an arm protected under the Second Amendment. See also Teixeria v. City of Alameda 873 F3d 670 677. See also Fyock v. City of Sunnyvale 779 F3d 991, 998 stating the

Second Amendment would be meaningless without the right to keep and bare ammunition, magazines, barrels and triggers. Indicating that ammunition and magazines are protected under the Second Amendment. According to retired U.S. Army Major General Allen D. Youngman, who, during his testimony in Miller v. Bonta, the courts emphasized that his testimony is credible, very well qualified, unequivocal and uncontested. Major General Youngman testified to the importance, usefulness and reasonable relationship to the preservation, efficiency and effectiveness of a modern well-regulated militia regarding large capacity magazines and ammunition. The Massachusetts statutes strike at the core and very heart of the Second Amendment and heavily burdens the preservation, efficiency and effectiveness of a Constitutional Militia by making it a crime for a militia to train, travel through and exist as a militia in accordance to the laws, customs and regulations of war. As a former Marine, we are taught "practice how you fight," this is a rule of war, to ensure that when you train, you are training to be effective and efficient in real life scenarios. This includes the ability to travel through the several States unmolested, for training or other purposes. Meaning, in the event of foreign invasion from the Northern States, or an act of domestic terrorism in the northern States, such as Maine. It would and clearly does have a direct negative effect and impact on the response time, ability, effectiveness and efficiency of any militia trying to help the situation if

Said militias had to either: travel around Massachusetts, adding at least an additional 7 hours of travel plus gas; or Somehow, during foreign invasion or terrorism, unload their firearms, apply for a FID card, wait for approval, and destroy or trade in their standard and high capacity magazines before the militiamen can ever do their job in protecting the Constitutional Union. No military organization will ever burden itself in that manner, the former nor the latter. Every State in the Union recognizes the peoples militia not under immediate control of the State government pursuant to 10 USC 246, as a federally recognized and Constitutional militia, Which we are. In United States v. Yunis, there are four requirements to be recognized as a military organization (1) Command Structure (2) uniforms (3) open carry of arms and (4) conduct operations and training in accordance with the laws and customs of war. With all this being said, Mass Statutes clearly strike at the core of the 2nd Amendment and the peoples right to a armed militia, as, as a result of said statutes, an entire militia was arrested and charged pursuant to said statutes — the day before independence day. A day that would not exist if not for armed militias, the peoples militia, and or "unorganized" militias meaning not under State-government control.

2. The federal courts have, in relationship to the AR-15 type rifle in Miller v Bonta and standard, more than 10-round magazines, nicknamed

"Large-Capacity" or "High-Capacity" Magazines, Viewed their "Lawfulness" by looking at the general law abiding public. Since a significant amount of law abiders possess AR-15 type rifles and large 30 plus round magazines the federal courts ruled and declared them as "Arms protected by the Second Amendment" and not unusual as to fall out of the scope of the 2nd Amendment. Likewise we can look at the fact that there are several States and Countries accross the union that are considered "Constitutional Carry" States and Countries. Meaning Americans can and do open and publically carry loaded arms without licences or permits. Because the Constitution declares keeping (having) and baring (holding) arms a right and courts have already stated that rights cannot be licensed, prohibited, converted into a privilage and the like. See State of North Carolina v. Huntly 25 NC. 3 Ired 418 "[T]he carrying of a gun per se constitutes no offense. For any lawful purposes- either of business or amusement the citizen is at perfect liberty to carry his gun." also See Massachusetts Constitution of 1780 Part 1 article 17. "Heller and McDonald describe the core purpose of the Second Amendment as self-defense, See Heller, 554 U.S. at 599; McDonald 561 U.S. at 787, and "bare" effectuates such core purposes of self-defense in public. We are

persuaded, therefore, that the right to carry a firearm openly for self defense falls within the core of the Second Amendment." Young v Hawaii 896 F3d 1044 9th Circuit Court of Appeals July 24th 2018.

The aforementioned Mass Statutes make Keeping, possessing and baring arms a crime. Keeping and baring is possession, Yet the statute makes possession, an already declared right, a crime. Clearly those Countries and States across the Several States, who have the Constitutional open carry laws, prove that the mere possession and open carrying of arms, guns or weapons is not a crime. In order for a crime to exist there must be an Injured party, Corpus delecti, a loss and a Criminal Agency or Act causing said loss. See United States v. Calhoun 999 F.2d 540; United States v. Guiteau 1 Mackey 498; Patterson v. New York 432 US. 197   397 U.S. at 364; Masters v. United States 42 App DC 350; United States v. Angel 355 F3d 462; Plasencia-Ayala v. Mukasey 516 F 3d 738; Apprendi v. New Jersey 530 US 466; Rodriguez-Herrera v. INS 52 F.3d 238; Franklyn v. INS 72 F3d 571; United States v. Amedy 24 U.S. 392 et alia.

See Caetano v. Massachusetts 470 Mass at 783   26 N.E. 3d at 695. The court

Stated that the lower courts Ill treatment of Heller Cannot Stand. The reasoning of the Massachusetts Courts poses a grave threat to the fundamental right of Self-defense. The Following are considered Constitutional Carry States and or, Otherwise have a permitless open carry for loaded firearms, further proving its not a crime to possess a firearm without a license or permit publically and openly for lawful purposes, business or amusement. As of June 16th 2021: Alaska, Arizona, Arkansas, Idaho, Iowa, Kansas, Kentucky, Maine, Mississippi, Missouri, Montana, New Hampshire, North Dakota, Oklahoma, South Dakota, Tennessee, Texas. As of September 1st 2021 — No permit to Conceal Carry a loaded arm: Utah, Vermont, West Virginia, Wyoming. Permitless open carry publically of rifles: Rhode Island, Maine, Vermont, New Hampshire, Texas, Arizona, Nevada, Idaho, Washington State, Montana, Virginia, West Virginia, North Carolina, South Carolina, Georgia and others for a total of 34 States. The above statutes are unconstitutional for the reason stated above and others, with supporsive case law / res judicata / precedence. The relief sought is for the federal courts to declare said statutes unconstitutional, Command the lower courts to compensate me and all others Jailed or convicted under said charges $1,000 (one-thousand) dollars a day, plus additional fees; dismiss all charges

Open or pending under said statutes to date) expunge all charges and convictions under said statutes and for Emily Karsetter, Trooper Casey, the Attorney General and Governor to give me a written and public personal apology to me.

X _Jamal J. A. Bey_  8/22/21
Under penalty of perjury. A mentally free Moor. Proud American Citizen. A Moroccan National. Long live the Republics Constitution and the Moroccan Empire.

Intentionally left Blank
_Jamal J. A. Bey_