In 1994 Professor Joyce Lee Malcolm of Boston area Bentley College, published by Harvard University press wrote a study on the historical background of the Constitution. The professor provides evidence that legal tradition for untrammeled gun ownership dates back to the Plymoth Colony. In 1623 Plymouth's elders promulgated a measure ordering that Quote "every freeman or other inhabitant of this Colony provide for himselfe and each under him able to beare arms a sufficient musket and other serviceable peece of war... with what speede may be." Professor Malcom discovered that most Colonial enactments regarding firearms dealt with the need for guns, not their ill effects, in part because gun ownership was a right in England before the revolution. Thomas Jefferson wrote "I am for relying, for internal defence, on our militia solely, till actual invasion." The preference of most 'funding fathers' was for a general, or universal militia, staffed by all able-bodied, free adult male citizens, un-selected by authorities, and called to service only in times of emergency. The founding fathers argued that the ownership of guns was a "natural right of resistance and self preservation." See the Unanimous Decleration of Independence. These ideals manifested itself into the Seccone Amendment. The Second Amendment seeks to



accomplish 2 goals ① To guarantee the individuals right to have arms and ② That these private arms would be used to afford the people means to vindicate their liberties.

— United States v Place 462 US 696 United States Supreme Court ruled that the defendants 4th Amendment right was violated when the police seized his luggage — even though cocaine was found. Cocaine is not protected under the ~~2nd~~ Amendment, but his luggage under the right of privacy is protected via the amendments. When trooper Casey stopped us and seized us by not allowing us to continue on our journey and continued to investigate us with questions he violated our rights under the bill of rights by unlawfully stopping us without due process of law. We were denied the Constitutional right to leave after asking if the police had probable cause for an arrest. see Davila v City of Camden 66 F Supp 3d 529 " the other type of police contact ... a "mere inquiry"... a party is free to...walk away from the officer." — But after asking if we were free to go since the police verbally expressed a lack of probable cause, we were denied, thus detained and seized unconstitutionally

State v. Sheffield 62 NJ 441 447 303 A.2d 68 cert. "a mere field interrogation is Constitutional so long as the officer does not deny the Individual the right to move." — Trooper Casey had no reason, probable cause, reasonable Suspicion nor Constitutional or Job or duty Specific obligation to get behind our already Stopped vehicles, turn on his bright white lights, get out of his vehicle and Speak to anyone not detain us, nor escalate the Situation up until our Unconstitutional arrest.

*[signature]*

9/25/21

Appeal Coll 1-20