UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JAMHAL TALIB ABDULLAH BEY, a/k/a JAMHAL LATIMER, | * * * | |
| Plaintiff, | * * | |
| v. | * * | C.A. No. 21-11508-ADB |
| ATTORNEY GENERAL OF MASSACHUSETTS, et al., | * * * | |
| Defendants. | * * | |

MEMORANDUM AND ORDER

BURROUGHS, D.J.

For the reasons set forth below, the Court denies without prejudice the plaintiff's motions to stay, for leave to proceed *in forma pauperis*; and for additional time to mail documents to the court. If plaintiff wishes to proceed with this action, the court grants him time to file (1) a renewed *in forma pauperis* motion with his prison account statement, and (2) an amended complaint that sets forth a plausible claim upon which relief may be granted.

I.  BACKGROUND+

On September 13, 2021, Jamhal Talib Abdullah Bey ("Bey"), a pre-trial detainee in custody at the Middlesex Jail and House of Correction under the name Jamhal Latimer, filed a *pro se* complaint. Dkt. No. 1, Complaint ("Compl."). Bey argues that the state statutes under which he is charged are unconstitutional and that the pending charges should be dismissed. The complaint consists primarily of references to case law in support of plaintiff's contention that it is "not a crime to possess a firearm without a license or permit publicaly (sic) and openly for lawful purposes, business or amusement." Compl. at p. 8.

The case caption of the complaint identifies the defendants as the "Attorney General of MA, Governor of MA, Legislator of MA and the entire Judiciary of Mass." *Id.* For the basis of jurisdiction, plaintiff states "Federal question[,] Tort, other personal injury." *Id.* at p. 1. The first page of the complaint contains a brief statement of claim as follows: "Massachusetts Statute(s) 269 § 10a[1]; 269 § 10(m)[2]; 274 § 7[3]; 269 § 10(D)[4] et alia are un-constitutional as they strike at the core of the Second Amendment like other statutes of other states already declared unconstitutional in federal court." *Id.* For relief, plaintiff states that the "[f]ederal courts must declare the said statutes unconstitutional and command the lower courts and Commonwealth to aware [plaintiff] and others jailed and or convicted under said statutes, since its enforcement $1,000.00 (one-thousand dollars) per day for unlawful detention/conviction plus additional fees; drop, dismiss, quit, expunge and nolle prosequi all pending open cases pursuant to said statutes." *Id.* .

With the complaint, plaintiff filed motions for leave to proceed *in forma pauperis*, for more time and to stay. Dkt. Nos. 2 - 4. On October 1, 2021, plaintiff filed a declaration complaining of the cause of action and nature of suit listed for this civil action and stating, among other things, that plaintiff brings this action pursuant to 18 U.S.C. § 242. Dkt. No. 6. In the one-page addendum to plaintiff's declaration, plaintiff complains that as of September 27, 2021, he has not yet been arraigned in Superior Court. Dkt. No. 6-1. He states that this "is

---

[1] General Laws c. 269, § 10 (b), prohibits a person, "when arrested upon a warrant for an alleged crime," from being "armed with or ha[ving] on his person, ... a ... dangerous weapon."
[2] General Laws c. 269, § 10 (m), prohibits individuals from "knowingly" possessing or having under their control a large capacity weapon or large capacity feeding device unless they possess a class A or class B license to carry firearms.
[3] General Laws c. 274, § 7 (conspiracy, penalties).
[4] General Laws c. 269, § 10 (d), provides a sentencing enhancement for certain firearm convictions.

obviously a violation of due process [unintelligible] of the Commonwealth's melicious (sic) prosecution of [plaintiff] based on [his] national origin." *Id.*

## II.     DISCUSSION

### A.      In Forma Pauperis

Bey filed a one-page, handwritten application to proceed without paying fees. However, the application is not signed under penalty of perjury and plaintiff failed to provide a certified copy of his prison account statement. Under federal law, a person seeking to proceed *in forma pauperis* must submit an affidavit that includes "a statement of all assets such [person] possesses," showing that "the person is unable to pay such [filing] fees or give security therefor." 28 U.S.C. § 1915(a)(1). Where, as here, the plaintiff is a prisoner, a request to proceed without prepayment of the filing fee must be accompanied by "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2).[5]

Plaintiff will be granted additional time to file a renewed application and certified prison account statement showing account activity for the six-month period preceding the date the complaint was filed, as well as the average monthly balance for that same period.

### B.      Screening of the Complaint

---

[5] Unlike other civil litigants, prisoner plaintiffs are not entitled to a complete waiver of the filing fee, notwithstanding the grant of *in forma pauperis* status. Based on the information contained in the prison account statement, the Court will direct the appropriate prison official to withdraw an initial partial payment from the plaintiff's account, followed by payments on a monthly basis until the $350.00 filing fee is paid in full. *See* 28 U.S.C. § 1915(b)(1)-(2). Even if the action is dismissed upon a preliminary screening, *see* 28 U.S.C. §§ 1915(e)(2), 1915A, the plaintiff remains obligated to pay the fee, *see McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997) (§ 1915(b)(1) compels the payment of the fee at the moment the complaint is filed).

Plaintiff's complaint is subject to screening pursuant to 28 U.S.C. § 1915A ("Section 1915A") because he is a prisoner.  Section 1915A authorizes federal courts to dismiss a complaint *sua sponte* if the claims therein are frivolous or malicious, fail to state a claim on which relief can be granted, or seek monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A(b).

When examining the sufficiency of the pleadings, the court considers whether the plaintiff has pled "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and "'give [each] defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  "The fundamental purpose" of pleading rules like Rule 8 "is to protect a defendant's inalienable right to know in advance the nature of the cause of action being asserted against him." *Ruiz Rivera v. Pfizer Pharm., LLC*, 521 F.3d 76, 84 (1st Cir. 2008).  Rule 8's requirement of a "short and plain statement" protects defendants and courts from the "unjustified burden" of parsing and responding to unnecessarily lengthy pleadings. *Belanger v. BNY Mellon Asset Mgmt., LLC*, 307 F.R.D. 55, 57-58 (D. Mass. 2015) (quotation marks omitted).  Rules 8(d) and 10(b) impose additional requirements intended to further advance the fundamental purposes of giving defendants fair notice of the claims asserted against them and permitting them to formulate

cogent answers and defenses to those claims. Specifically, Rule 8(d) requires "simple, concise, and direct" allegations, while Rule 10(b) mandates that claims be conveyed "in numbered paragraphs, each limited as far as practicable to a single set of circumstances."

In conducting this review, the Court liberally construes the complaint because the plaintiff is proceeding *pro se*. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

### C. The Complaint is Subject to Dismissal

Plaintiff's allegations provide a basis for federal question jurisdiction under 42 U.S.C. § 1983, *see Gonzaga Univ. v. Doe*, 536 U.S. 273, 285 (2002) (section 1983 supplies the cause of action for an alleged federal constitutional violation).[6] Although Bey states that he brings this action pursuant to 18 U.S.C. § 242 (deprivation of rights under color of law), *see* Dkt. No. 6, this statute does not provide a private right of action and cannot be used in a civil action. *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989) (per curiam) (stating that only the United States as prosecutor can bring a complaint under 18 U.S.C.§§ 241-242).

#### 1. Bey's Claims for Injunctive Relief are Barred

Here, the heart of Bey's claim is for injunctive relief in that he asks this Court to essentially intervene to dismiss or suspend the criminal proceedings in his pending criminal proceedings in state court. Under *Younger v. Harris*, 401 U.S. 37, 41 (1971), "a federal court must abstain from reaching the merits of a case over which it [otherwise] has jurisdiction so long as there is (1) an ongoing state judicial proceeding, instituted prior to the federal proceeding (or, at least, instituted prior to any substantial progress in the federal proceeding), that (2) implicates

---

[6] The United States Constitution, through the Second Amendment, guarantees the right of the people to keep and bear arms. *See District of Columbia v. Heller*, 554 U.S. 570, 575-626 (2008). However "an individual's Second Amendment right does not prohibit laws regulating who may purchase, possess, and carry firearms, and where such weapons may be carried." *Commonwealth v. Johnson*, 461 Mass. 44, 57, 958 N.E.2d 25 (2011) (citing *Heller*, 554 U.S. at 626-27).

an important state interest, and (3) provides an adequate opportunity for the plaintiff to raise the claims advanced in his federal lawsuit." *Brooks v. New Hampshire Supreme Court*, 80 F.3d 633, 638 (1st Cir. 1996). Under the *Younger* doctrine of abstention, federal courts "abstain from interfering with state court proceedings even where defendants claim violations of important federal rights." *In re Justices of Superior Court Dep't of Massachusetts Trial Court*, 218 F.3d 11, 17 (1st Cir. 2000). The Younger doctrine is implicated where the federal claims can be "raised and resolved somewhere in the state process." *Maymó–Meléndez v. Alvarez–Ramírez*, 364 F.3d 27, 36 (1st Cir. 2004).

Here, Bey's claims are capable of being raised and resolved in the context of the pending state proceeding. Accordingly, the requirements for *Younger* abstention are met, making abstention mandatory in the absence of an applicable exception. *See Mass. Delivery Ass'n v. Coakley*, 671 F.3d 33, 39 (1st Cir. 2012) (standard of review and general principles).

**2. Bey's Claims for Monetary Damages are Barred**

Claims against the Commonwealth of Massachusetts and individual defendants for punitive damages in their official capacities are barred by sovereign immunity under the Eleventh Amendment to the United States Constitution. "'[A] suit by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment'" to the United States Constitution. *Davidson v. Howe*, 749 F.3d 21, 27 (1st Cir. 2014) (quoting *Edelman v. Jordan*, 415 U.S. 651, 663 (1974). "This is true whether the named defendant is the state itself or… a state official in her official capacity." *Id.* The Commonwealth has not consented to suit under 42 U.S.C. §1983 in its own or the federal courts, *see Woodbridge v. Worcester State Hosp.*, 384 Mass. 38, 44–45 (1981), and Section 1983 does not abrogate a state's immunity from suit in federal court. *Will v. Mich. Dep't of State Police*,

491 U.S. 58, 66 (1989) ("Congress, in passing § 1983, had no intention to disturb the States' Eleventh Amendment immunity and so to alter the federal-state balance in that respect....").

Here, the Attorney General and Governor are immune from suit brought against them in their official capacities. To the extent Bey seeks to assert claims against the entire judiciary and legislature, these entities are not proper defendants under Section 1983. It is well-established that a state is not amenable to suit under 42 U.S.C. § 1983 because a state is not a "person" within the meaning of that statute. *Will*, 491 U.S. at 71; *Brown v. Newberger*, 291 F.3d 89, 92 (1st Cir. 2002) (upholding dismissal of claims against Massachusetts trial court).

To the extent Bey seeks to assert a claim of malicious prosecution, he does not indicate whether such claim is asserted under state or federal law, and in any event, such claim is not plausibly pled. Bey is advised that prosecutors are absolutely immune in their individual capacities. *Filler v. Kellett*, 859 F.3d 148, 153 (1st Cir. 2017) ("State prosecutors are entitled to absolute immunity from liability under § 1983 to the extent that such immunity is 'necessary to protect the judicial process.'") (quotation and citations omitted). Because the grounds for Bey's alleged malicious prosecution claim are not stated, it is unclear whether an award of damages or other relief would interfere with the pending state proceedings. *See Bey v. Sullivan*, No. 11-10918-GAO, 2011 WL 2680730, at *2 (D. Mass. July 6, 2011) (declining, for the moment, to dismiss *pro se* complaint under *Heck* because "without further factual development, it cannot be determined definitively" whether it applies). However, such a claim would likely be barred because Bey has not yet received a favorable determination in the pending criminal proceedings. When a litigant, such as Bey, files a civil rights lawsuit "before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to abstain

7

from civil action until the criminal case or the likelihood of a criminal case is ended." *See Wallace v. Kato*, 549 U.S. 384, 393-394 (2007). "If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, *Heck* will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit." *See id. Kato*, 549 U.S. at 394; *see also Heck v. Humphrey*, 512 U.S. 477 at 487-488 (1994) (noting that "abstention may be an appropriate response to the parallel state-court proceedings").

### 3. If Bey wishes to Proceed, he Must File an Amended Complaint

In addition to filing a renewed motion for leave to proceed *in forma pauperis* with a copy of his prison account statement, if Bey wishes to proceed with this action, he must file an amended complaint that states a plausible claim upon which relief may be granted. Any amended complaint must comply with the basic pleading requirements of the Federal Rules of Civil Procedure. Any amended complaint should, in numbered paragraphs, focus on the legal claims against each defendant, along with the basis for such claims. In other words, Bey should set forth facts as to who did what to whom, when, where, and why. If an amended complaint is filed, it will be further screened. Bey is reminded that if the amended complaint is dismissed upon a preliminary screening, *see* 28 U.S.C. §§ 1915(e)(2), 1915A, he will remain obligated to pay the fee.

### III. CONCLUSION

Accordingly:

1. The motions for leave to proceed *in forma pauperis*, for more time, and to stay [Dkt. Nos. 2 - 4] are denied without prejudice.

2. If plaintiff elects to proceed with this action, he must file (1) a renewed motion for leave to proceed *in forma pauperis* accompanied by his certified prison account statement; and

(2) an amended complaint setting forth a plausible claim upon which relief may be granted. The Clerk shall provide plaintiff with an Application to Proceed in District Court Without Prepaying Fees or Costs.

      3.     Failure to comply with these directives within twenty-eight (28) days of the date of this Memorandum and Order will result in dismissal of this action.

**SO ORDERED.**

October 21, 2021                   /s/ Allison D. Burroughs
                                       ALLISON D. BURROUGHS
                                       UNITED STATES DISTRICT JUDGE