UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAMHAL TALIB ABDULLAH BEY, a/k/a JAMHAL LATIMER,<br><br>Plaintiff,<br><br>v.<br><br>ATTORNEY GENERAL OF MASSACHUSETTS, et al.,<br><br>Defendants. | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*  C.A. No. 21-11508-ADB |

MEMORANDUM AND ORDER

BURROUGHS, D.J.

For the reasons set forth below, the court grants plaintiff leave to proceed *in forma pauperis*; assesses an obligation to make payments towards the filing fee; and dismisses this action pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).

**I.      BACKGROUND**

The instant action stems from criminal proceedings currently pending against plaintiff who is charged by indictment with: unlawful possession of a firearm (G. L. c. 269, §10(a)); unlawful possession of a large capacity feeding device (G.L. c. 269, §10(m)), unlawful possession of a loaded firearm (G. L. c. 269, §10(n)); unlawful possession of ammunition (G. L. c. 269, § 10(h)(1)); furnishing false identification to law enforcement (G.L. c. 268, §34A)); improper storage of a large-capacity firearm, near a minor (G.L. c. 140, §§ 131L(a),(d)); use of

body armor during commission of a felony (G.L. c. 269, §10D)); and conspiracy (G.L. c. 274, §7). *See Commonwealth v Latimer*, No. 2181-CR-00361 (Mass. Super. Ct. Sept. 21, 2021).[1]

By Memorandum and Order dated October 21, 2021, the court ordered plaintiff, if he wished to proceed with this action, to file (1) a renewed *in forma pauperis* motion with his prison account statement, and (2) an amended complaint setting forth a plausible claim upon which relief may be granted. Dkt. No. 8. The court's order explained that plaintiff's complaint is subject to dismissal because (1) the criminal statutes do not provide a private right of action, (2) his claims for injunctive relief are barred under the *Younger* abstention doctrine, (3) his claims for monetary damages against the Commonwealth are barred, (4) and his claim of malicious prosecution is not plausibly pled. The court's order stated that any amended complaint must comply with the basic pleading requirements of the Federal Rules of Civil Procedure. *Id*. Plaintiff was specifically advised that any amended complaint should, in numbered paragraphs, focus on the legal claims against each defendant, along with the basis for such claims. *Id*. Finally, the court's order advised plaintiff that failure to comply with the order will subject the action to dismissal. *Id*.

Now before the court are plaintiff's renewed *in forma pauperis* motion, an affidavit and a letter. Dkt. Nos. 9 - 11. Plaintiff failed to file an amended complaint and instead filed (1) an "affidavit to amend error in [plaintiff's] original argument," and (2) an untitled pleading that was entered on the docket as a letter. *See* Dkt. Nos. 9, 11.

---

[1] It is "well-accepted that federal courts may take judicial notice of proceedings in other courts if those proceedings have relevance to the matters at hand." *Kowalski v. Gagne*, 914 F.2d 299, 305 (1st Cir. 1990). The Court therefore takes judicial notice of the pending Superior Court prosecution. *See Lydon v. Local 103, Int'l Bhd. of Elec. Workers*, 770 F.3d 48, 53 (1st Cir. 2014) ("a judge can mull over 'documents incorporated by reference in [the complaint], matters of public record, and other matters susceptible to judicial notice'") (quoting *Giragosian v. Ryan*, 547 F.3d 59, 65 (1st Cir. 2008)); *see also United States v. Mercado*, 412 F.3d 243, 247 (1st Cir. 2005) (taking judicial notice of state court proceeding's docket, which was not part of record).

II.     RENEWED MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS

Upon review of plaintiff's renewed motion for leave to proceed *in forma pauperis* and prison account statement, the court finds that plaintiff is without funds to prepay the filing fee. Accordingly, the motion is GRANTED.

Because plaintiff is a prisoner-plaintiff, his motion must be accompanied by "a certified copy of the trust fund account statement . . . for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined" so that the court may determine the initial partial filing fee and subsequent monthly payments required for the filing fee as required under the Prison Litigation Reform Act.  28 U.S.C. § 1915(a)(2), (b).  For plaintiff , the relevant 6-month period would be March 2021 to August 2021.  The court notes, however, that because plaintiff's detention began in July 2021, he does not have a prison account for the first four months of the six months preceding the filing of this action.  The prison account statement included with plaintiff's renewed motion covers the period from July 10, 2021 to October 30, 2021, *see* Dkt. No. 10-1, thus including complete information for only two of the months (July and August) in the six months preceding the filing of the action.

Accordingly, the Court calculates plaintiff's filing fee obligation based upon the information provided for the two months prior to the filing of this action (July 10, 2021 to September 13, 2021) and the period following the filing of the complaint (September 13, 2021 through October 30, 2021).  *See* Dkt. No 10-1.

Upon review of plaintiff's prison account statement, and based upon the average monthly deposits for the period beginning July 10, 2021 and continuing through October 30,2021, plaintiff  is assessed an initial, partial filing fee of $27.25, pursuant to 28 U.S.C. § 1915(b)(1)(B).

The remainder of the fee, $322.75, is to be assessed and collected in accordance with 28 U.S.C. § 1915(b)(2). The Clerk shall send a copy of this Order to the Treasurer's Office Middlesex County House of Correction, along with the standard Notice to Prison form. If plaintiff seeks modification of the assessment of this filing fee, he may file a motion demonstrating good cause for any requested modification.

### III.     PLAINTIFF FAILED TO FILE AN AMENDED COMPLAINT

Plaintiff failed to comply with the directives of the court's order to file an amended complaint. While the court must construe a *pro se* litigant's pleading liberally, "*pro se* plaintiffs, like all other plaintiffs, must comply with the Federal Rules of Civil Procedure." *Ahmed v. Rosenblatt*, 118 F.3d 886, 890 (1st Cir. 1997). "While courts have historically loosened the reins for *pro se* parties, the 'right of self-representation is not a license not to comply with relevant rules of procedural and substantive law.'" *Xiaoyan Tang v. Citizens Bank, N.A.*, 821 F.3d 206, 220 n. 13 (1st Cir. 2016) (quoting *Eagle Eye Fishing Corp. v. U.S. Dep't of Commerce*, 2 F.3d 503, 506 (1st Cir. 1994)).

Notwithstanding that plaintiff failed to file an amended complaint as ordered by the court, plaintiff's affidavit and letter fail to comply with the directives of the court's order. These two documents fail to comply with the pleading requirements of the Federal Rules of Civil Procedure and are not set forth in any organized or intelligible fashion. Plaintiff's four-page, handwritten affidavit seeks to amend an error in his original argument concerning unlicensed possession of firearms. Dkt. No. 9. In his untitled pleading, plaintiff attempts to address some of the identified deficiencies in plaintiff's original complaint. Dkt. No. 11. Essentially, plaintiff simply reiterates and expands on his constitutional challenge to the state firearms statues under which he is charged. Plaintiff begins by stating that he is "challenging the constitutionality of the statutes

[that he is] facing as they burden the 2nd Amendment and [plaintiff is] bearing the weight of that burden by being jailed for over 210 days; damages to [plaintiff's] reputation; forced to spend finances and [he is] suffering mentally and spiritually as a result." *Id.* at p. 1. Plaintiff seeks to have the court "award [plaintiff] damages and declare said statutes unconstitutional." *Id.* Plaintiff states that because he is from "Rhode Island where there is no crime of possessing [certain ammunition and unlicensed weapons]," he has "raised a valid claim challenging the constitutionality of the Mass. statutes that the federal courts are obligated to hear." *Id.* at p. 6.

To the extent plaintiff again asks this court to review and or dismiss the proceedings in Middlesex Superior Court, this court lacks jurisdiction to do so under the *Younger* abstention doctrine. *See Younger v. Harris*, 401 U.S. 37 (1971). Under *Younger*, federal courts must abstain from granting injunctive or declaratory relief that would interfere with ongoing state criminal proceedings except under very limited circumstances, which do not apply here. *Id.* at 43-45.

Thus, for failure to comply with the court's directives as contained in the October 21, 2021 Memorandum and Order, and for all of the substantive reasons discussed therein, this action will be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B); §1915A(b).[2]

**IV.   CONCLUSION**

Accordingly:

1. The motion for leave to proceed *in forma pauperis* [Dkt. No. 10] is granted.

---

[2] Plaintiff is advised that under 28 U.S.C. § 1915(g), a prisoner litigant may be denied *in forma pauperis* status if he has had, on three or more prior occasions, an action or appeal dismissed. Section 1915(g) (the "three-strikes" rule) states: "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

2. The filing fee obligation owed by plaintiff is assessed with an initial, partial filing fee of $27.25, pursuant to 28 U.S.C. § 1915(b)(1)(B). The remainder of the fee, $322.75, is to be assessed and collected in accordance with 28 U.S.C. § 1915(b)(2).

3. The Clerk shall send a notice for payment of the filing fee to the Treasurer's Office at the Middlesex County House of Correction.

4. This action is DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2)(B),1915A(b), for failure to comply with the court's October 21, 2021 Memorandum and Order and for all of the substantive reasons discussed therein.

5. The Clerk shall enter a separate order of dismissal.

**SO ORDERED.**

February 14, 2022        /s/ Allison D. Burroughs
                         ALLISON D. BURROUGHS
                         UNITED STATES DISTRICT JUDGE